### IN THE UNITED STATES DISTRICT COURT FOR
### THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| JOHN P. POLCASTRO, SR., )<br>        PLAINTIFF,            )<br>                                          )<br>vs.                                     )<br>                                          )<br>GARY WEEKS, TRACY KERSEY, )<br>SHAYNE ARNRETTE, et al.,   )<br>        DEFENDANTS.          ) | Case No:  1:05 CV 910-T |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Come now, Chief Gary Weeks, Police Officer Tracy Kersey, and Police Officer Shayne Arnette, by and through their attorney, and for their Answer to the Plaintiff's Complaint, herein, state as follows:

1. The Defendants deny the material allegations as set forth in Section I. of Plaintiff's Complaint, and demand strict proof thereof.

2. The Defendants deny the material allegations as set forth in Section II. of Plaintiff's Complaint, and demand strict proof thereof.

3 The Defendants deny the material allegations as set forth in Section III. of Plaintiff's Complaint, and demand strict proof thereof.

4. The Defendants deny the material allegations as set forth in Section IV. of Plaintiff's Complaint, and demand strict proof thereof.

5. The Defendants deny the material allegations as set forth in Section V. of Plaintiff's Complaint, and demand strict proof thereof.

6. The Defendants deny the material allegations as set forth in Section VI. of Plaintiff's Complaint, and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. The defendants plead the doctrine of immunity as a defense.

2. The defendants plead the doctrine of qualified immunity as a defense.

3. The defendants plead the doctrine of discretionary function immunity as a defense.

4. The defendants plead the doctrine of substantive immunity as a defense.

5. The defendants plead the doctrine of common law immunity as a defense.

6. The defendants plead the doctrine of privilege as a defense.

7. The defendants plead the doctrine of estoppel as a defense.

8. The defendants deny the material allegations of the Complaint and demand strict proof thereof.

9. The defendants say they are not guilty of the matters complained of.

10. The defendants say the allegations of the plaintiff's complaint are untrue.

11. The complaint fails to state a claim upon which punitive damages may be awarded.

12. Any award of punitive damages in this case will violate the constitutional safeguards provided under the Constitution of the United States of America.

13. The award of discretionary, compensatory damages for mental suffering violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States.

14. The defendants plead failure to mitigate damages.

15. The defendants plead the Plaintiff's claims are barred by his own misconduct.

16. The defendants plead res judicata as a defense.

17. The defendants plead collateral estoppel as a defense.

18. The defendants plead judicial estoppel as a defense.

19. The defendants plead privilege as a defense.

20. The defendants plead justification as a defense.

21. To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the allegations of the complaint do not constitute a custom and practice of the City of Samson.

22. To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the plaintiff has failed to allege or establish that the City of Samson was on notice of any probable violation and has failed to establish that any failure to take corrective action amounted to deliberate indifference.

23. The defendant affirmatively states that they acted in good faith.

24. The defendants plead the affirmative defense of the plaintiff's lack of good faith.

25. The defendants affirmatively state that the plaintiff has failed to state a claim for which relief can be granted.

26. The defendants affirmatively state that the "heightened pleading" requirement for §1983 claims has not been met.

27. The defendants affirmatively state the defense of self-defense and defense of others.

28. The defendants affirmatively state that plaintiff's claim should be dismissed for want of prosecution and for failure to obey the Courts order that he be interviewed.

29. The defendants incorporate by reference the Defendants' Written Report Pursuant to the Court's Order of September 30, 2005 and all defenses contained therein.

Respectfully submitted this the 14th day of November, 2005.

    /s/ R. Todd Derrick_____
Steadman S. Shealy, Jr. (SHE023)
R. Todd Derrick (DER006)
Attorneys for the Defendants

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama  36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day mailed a copy of the foregoing postage prepaid and properly addressed, to:

John P. Polcastro, Sr.
Post Office Box 125
Geneva, Alabama 36340

This the 14th day of November, 2005.

/s/ R. Todd Derrick_____
R. Todd Derrick