IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

JOHN P. POLCASTRO, SR.,     )
     PLAINTIFF,     )
     )
vs.     )     Case No:  1:05 CV 910-T
     )
GARY WEEKS, TRACY KERSEY,     )
SHAYNE ARNRETTE, et al.,     )
     DEFENDANTS.     )

## DEFENDANTS' WRITTEN REPORT
## PURSUANT TO THE COURT'S ORDER OF SEPTEMBER 30, 2005

Come now, Chief Gary Weeks, Police Officer Tracy Kersey, and Police Officer Shayne Arnette, by and through their attorney, and offer the following written report pursuant to this Court's Order of September 30, 2005.

### STATEMENT REGARDING MR. POLCASTRO'S FAILURE TO COOPERATE

The Defendants will address each item that the Court has ordered be addressed in its September 30, 2005 Order.  Initially, however, the Defendants draw the Court's attention to the fact that, Mr. Polcastro has refused to cooperate with the attorney for the Defendants.  On October 26, 2005, arrangements were made so that Mr. Polcastro could be interviewed.  Mr. Polcastro refused to answer questions.  The Sworn Statement is attached to this pleading.

The defendants will now address the specific items that the Court has ordered be addressed in its September 30, 2005 Order.

RTD5697

### FACTS AND CIRCUMSTANCES ASSOCIATED WITH PLAINTIFF'S CLAIM

On August 1, 2005, Samson Police Officer Shayne Arnette responded to a reported fire at 403 West Washington Street in Samson, Alabama.

Upon arriving at the scene, Arnette observed a fire at the gas meter connected to the mobile home located at 403 West Washington Street.  Arnette extinguished the fire.

A neighbor, Ms. Donna Harrison, told Arnette that prior to observing the fire, she had observed Mr. John Polcastro walking away from the area where the fire started.  He was walking toward his mobile home at 405 West Washington Street.  Polcastro's home was next door to the mobile home where the fire was located.

Arnette went to Polcastro's residence to discuss any knowledge he had of the fire.  Polcastro appeared intoxicated.

During Arnette's conversation with Polcastro, Polcastro made the following statements:  (1)  He did not start the fire; (2) He would kill everyone in the Samson Fire and Police Department; (3) He had observed a black man in a fireman's uniform in the area before the fire occurred.  (Mr. Polcastro used a derogatory term to describe the alleged black man); and (4) He had observed the Assistant Fire Chief, Roger Williams, in the area before the fire occurred.

(The Samson Volunteer Fire Department did respond to the fire.  Roger Williams was one of the volunteers that responded.  There are no black members of the Samson Volunteer Fire Department.)

After talking to Arnette, Polcastro went back into his house.  Polcastro, however, did not remain in his house.  Instead, after a few minutes inside, Polcastro emerged from

his house and started running.  Arnette pursued and caught Polcastro.  Polcastro was arrested for Arson 2nd, Public Intoxication, Disorderly Conduct, and Resisting Arrest.

By the time Arnette had placed Polcastro under arrest, Samson Police Officer, Sgt. Tracy Kersey had arrived at the scene.

Because Arnette's patrol car did not have bars in the back, it was decided that Polcastro would be placed in Kersey's vehicle.  Polcastro was placed in the backseat of Kersey's vehicle.  With his bare feet, Polcastro kicked the back, side window out of Kersey's vehicle.

By this time, Geneva County Deputy Ray Mock and another reserve officer had arrived at the scene.  Due to the damaged condition of Sgt. Kersey's vehicle, it was agreed that Deputy Mock would transport Polcastro from the scene to the county jail.  This is what was done.

The Samson Police had no more direct interaction with Mr. Polcastro once he was taken from the scene to the jail.

Samson Police Chief Gary Weeks was never at the scene and had no interaction with Polcastro at all.

There were a number of witnesses to the above events.  Statements have been taken, and they are attached to this report.

## CONSIDERATION OF WHETHER ANY ACTION
## SHOULD BE TAKEN BY PRISON OFFICIALS
## TO RESOLVE THE SUBJECT MATTER OF THE COMPLAINT

It is the position of the Defendants that the Plaintiff's claim is completely and totally without merit. Putting this fact aside for the moment, the Plaintiff's claim is not of the nature that requires action by prison and/or jail officials.

## CONSIDERATION OF WHETHER OTHER SIMILAR
## COMPLAINTS SHOULD BE CONSIDERED TOGETHER

Polcastro filed this civil action against Samson Police Chief Gary Weeks, Samson Police Officer Tracy Kersey, and Police Officer Shayne Arnette. (Shayne Arnette is now with the City of Opp) The case number for this case is CV 1:05CV910-T.

Polcastro also filed a civil complaint against Geneva County Sheriff Greg Ward, Geneva County Sheriff Deputy Ray Mock, and two Geneva County Jailers. The case number for this case is CV 1:05CV909-F. It is attached.

The interaction of the Samson Police and Polcastro occurred at the scene, on Washington Street in Samson, with numerous witnesses. The interaction with the Geneva County Personnel, apparently, occurred after Polcastro was taken from the scene.

It is possible to view the allegations made by Polcastro in 1:05CV909-F as separate and independent from the allegations in 1:05CV910-T. It is equally possible to view the events as a continuing occurrence. (Although, again, it is clear that the Samson officers' interaction with Polcastro began and ended on Washington Street in Samson, Alabama. They were not involved in the transportation of Polcastro to the county jail or his treatment or confinement at the county jail.)

Judicial economy may be served by consolidating the cases.    The defendants, however, defer to the will of the court regarding consolidation of these matters.

The fact that there are currently two civil lawsuits, however, is noteworthy for a number of other reasons.

First, Mr. Polcastro declared under penalty of perjury that he had not begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action, a statement that is obviously not true. (Paragraph "I.A." of complaint in both 1:05CV909-F and 1:05CV910-T.)

Second, Mr. Polcastro declared under penalty of perjury that he had not begun other lawsuits in state or federal court relating to his imprisonment. (Paragraph "I.B." of complaint in both 1:05CV909-F and 1:05CV910-T.)  This statement is arguably not true with respect to the case against the Samson officers. (1:05CV910-T). The statement is certainly not true with respect to the case against the Geneva County personnel.( 1:05CV909-F).

Finally, the fact that there are currently two civil lawsuits is noteworthy because, under penalty of perjury, in 1:05CV910-T Polcastro accuses Ray Mock of entering his house and taking money from his wallet, but in 1:05CV909-F, under penalty of perjury, he accuses Kersey and Arnette of entering his house and taking money from his wallet.

## DEFENSES

The plaintiff' claim may give rise to the following defenses:

1.    The plaintiff's claim does not comply with the Eleventh Circuit's heightened pleading standard for § 1983 claims against individuals.

2.    The plaintiff's claim does not allege violation of clearly established law.

3.      Qualified Immunity

4.      Contributory Negligence

5.      Assumption of the Risk

6.      Last Clear Chance

7.      Self Defense

8.      Eleventh Amendment Immunity.   Eleventh Amendment Immunity bars damage claims and suits for injunctive relief against state agents in their official capacities. See Harden v. Adams, 760 F.2d 1158, 1163 (11th Cir. 1985). Ala. Code § 6-5-338 (1975) deems police officers agents of the state.

9.      Immunity

10.     Common Law Immunity

11.     Substantive Immunity

12.     Statutory Immunity

13.     Discretionary Function Immunity

14.     Absolute Immunity

15.     Good Faith Immunity

16.     State Agent Immunity

17.     Immunity under Ala. Code § 6-5-338 (1975)

18.     Unconstitutionality of Punitive Damages should plaintiff's complaint be deemed to seek such.

19.     Failure to Mitigate Damages

20.     Defense of others

21.     Privilege

22.     Justification

23.     Illegality

24.     Plaintiff's involvement in illegal or immoral act.

25.     Estoppel

26.     Judicial Estoppel

27.     Collateral Estoppel

28.     Res Judicata

29.     Rooker-Feldman Doctrine

30.     The defenses and protections of <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) (convicted offender cannot maintain § 1983 claim if offender must negate element of conviction to prevail)

31.     Because the defendants assert that this action is groundless, frivolous, unreasonable, and/or without foundation and brought in bad faith, the defendants expressly reserve the right to pursue attorney's fees and expenses against the Plaintiff.

32.     The complaint fails to state a claim upon which punitive damages may be awarded.

33.     Any award of discretionary, compensatory damages for mental suffering violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and the Due Process Clause of Article I, Section 6 of the Constitution of Alabama.

34.     Failure to mitigate damages.

35.     Plaintiff's claims are barred by his own misconduct.

36.     To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the allegations of the complaint do not constitute a custom and practice of the City of Samson.

37.     To the extent the complaint may be seen as "in actuality [a suit] directly against the city that the officer represents," the plaintiff has failed to allege or establish that the City of Samson was on notice of any probable violation and has failed to establish that any failure to take corrective action amounted to deliberate indifference.

38.     The defendant pleads the affirmative defense of the plaintiff's lack of good faith.

39.    The defendant affirmatively states that the plaintiff has failed to state a claim for which relief can be granted.

41.    The plaintiff's complaint is vague and confusing.

42.    The plaintiff's complaint fails to state a claim for which relief can be granted.

43.    The plaintiff's complaint is due to be dismissed because of plaintiff's failure to give a statement in accordance with the court's order.

44.    The plaintiff's complaint is due to be dismissed as sanctions for violating the Court's Order and for making false statements under oath.

45.    The defendants incorporate by reference the responses and defenses contained in the answer filed contemporaneously herewith in accordance with Paragraph four (4) of the Order.

## PLAINTIFF'S STATUS

As this report is being written, the Plaintiff is a pretrial detainee in the Geneva County Jail.  According to Polcastro's appointed criminal attorney, plea negotiations are ongoing.

## ATTACHMENTS

Attached to this report are the following:

1.    Sworn Statement of John P. Polcastro, Sr.;

2.    Complaint in Civil Action No:  1:05 CV 909-F <u>John P. Polcastro, Sr. v. Sheriff Greg Ward, Head Jailer, Carl Row, Jailer Donald Weeks and Deputy Ray Mock</u> filed in the United States District Court for the Middle District of Alabama;

3.    Sworn Statement of Shayne Arnette which includes:

Alabama Uniform Incident/Offense Report 08-05-004;

Alabama Uniform Incident/Offense Report 08-01-003;

4.    Statement of Sgt. Tracy Kersey;

5.    Sworn Statement of David Sanders;

6.    Sworn Statement of Donna L. Harrison;

7.    Sworn Statement of Roger Williams;

8.    Handwritten Statement of Carol McKinney;

9.    Handwritten Statement of Amy McKinney;

10.    Geneva County E-911 Event Report;

In accordance with Paragraph four (4) of the Order, an answer is being filed contemporaneously herewith.

Respectfully submitted this the 14th day of November, 2005.

_/s/ R. Todd Derrick_____
Steadman S. Shealy, Jr. (SHE023)
R. Todd Derrick (DER006)
Attorneys for the Defendants

OF COUNSEL:
COBB, SHEALY, CRUM & DERRICK, P.A.
Post Office Box 6346
Dothan, Alabama  36302-6346
Telephone (334) 677-3000
Fax (334) 677-0030

RTD5697

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day mailed a copy of the foregoing postage prepaid and properly addressed, to:

John P. Polcastro, Sr.
Post Office Box 125
Geneva, Alabama 36340

This the 14th day of November, 2005.

/s/ R. Todd Derrick
R. Todd Derrick

---

RTD5697