**ATTACHMENT NUMBER 1**

SWORN STATEMENT

OF

JOHN P. POLCASTRO, SR.

**ORIGINAL**

```
 1
 2
 3
 4
 5   DATE:          October 26, 2005
 6
 7   TIME:          10:00 a.m.
 8
 9
10   PLACE:         Geneva County Courthouse
11                  200 North Commerce Street
12                  Geneva, Alabama 36340
13
14   BY:            Honorable Todd R. Derrick
15                  Cobb, Shealy, Crum & Derrick, P.A.
16                  P.O. Box 6346
17                  Dothan, Alabama 36302
18
19   ALSO PRESENT:  Honorable David F. Holmes
20                  Holmes & Eubanks
21                  P.O. Box 1180
22                  Slocomb, Alabama 36379
23
```

1

# INDEX

| EXAMINATION | PAGE |
|---|---|
| By Mr. Derrick | 3 - 10 |

| EXHIBITS | MARKED |
|---|---|
| Defendant's 1 - Order | 4 |

## JOHN P. POLCASTRO, SR.

having been first duly sworn, was examined and
testified as follows, to-wit:

MR. HOLMES: For the record, I'm
David Holmes. I'm not an attorney of
record in this case. I am Mr.
Polcastro's attorney in criminal charges
currently pending against him in Circuit
Court in Geneva County.

My sole purpose of being here, Mr.
Polcastro, is to inform you that anything
you say today can, and quite probably
will be, used against you in any case
that you have. That you have a right to
remain silent and have the right not to
tell anybody anything. As your criminal
defense attorney, it's my recommendation
that you make no statements. I will go
forward and tell you that if you do not
make any statements, however, Mr.
Derrick, in all likelihood, will bring an
action for sanctions that will ultimately

3

1  result in the dismissal of your case.
2  Your civil case is not my concern; your
3  criminal case is, and that's the reason I
4  give you that advice. So any statement
5  you make today will be against my advice.
6
7                    EXAMINATION
8  BY MR. DERRICK:
9       Q.   For the record, would you state your
10 name, please?
11      A.   John Polcastro.
12      Q.   And would you pronounce your last name
13 for me one more time, because I want to make sure
14 I'm not mispronouncing it.
15      A.   Polcastro.
16      Q.   So Polcastro? Am I pronouncing it
17 correctly?
18      A.   (Nods head.)
19
20           (Whereupon, Defendant's Exhibit 1
21            was marked for identification
22            and is attached hereto.)
23

4

1  Q.  Mr. Polcastro, I want to show you what
2  I've marked as Defendant's Exhibit 1. And it is
3  an Order that has been issued by Chief United
4  States Magistrate Judge Charles Coody in the
5  civil lawsuit, John Polcastro versus Chief Gary
6  Weeks -- and the other defendants are Police
7  Officer Arnette and Police Officer Kersey -- that
8  arose out of an occurrence that happened in
9  Samson, Alabama. It's Civil Action Number
10 1:05-CV-910-T. Do you see that?
11 A.  Yes.
12 Q.  And you're aware of the lawsuit, right?
13 A.  Yes.
14 Q.  I would just draw your attention to Page
15 2 of that Order at the top, near the top. You'll
16 see some underlined language and then some that
17 is not. And it says, Authorization is hereby
18 granted to interview all witnesses, including the
19 plaintiff. And that's Judge Coody's Order.
20         And I also know there is another lawsuit
21 out there that you've brought against the sheriff
22 of Geneva County and one of his deputies and some
23 jailers, a separate lawsuit, although it arises

5

1  out of arguably the same series of facts. I may
2  or may not ask you much about that today. Okay?
3    Now, I'm here to take your statement --
4  A.  Uh-huh.
5  Q.  -- in accordance with the Court's Order.
6  Your very capable attorney in your criminal
7  matter has given you advice on the record, and
8  what I intend to do is proceed with the interview
9  here -- it's being transcribed by the court
10 reporter -- unless you tell me now that you're
11 not going to answer any of my questions. Are you
12 telling me that you're not going to -- I haven't
13 heard you say that you're not going to answer any
14 of my questions. So can we proceed with the
15 interview or do you intend to --
16 A.  What's the reason -- what's the reason
17 for this?
18 Q.  The reason quite simply is because
19 you've sued some people.
20 A.  Uh-huh.
21 Q.  I represent them. I have every right to
22 ask you questions about it. That's why I handed
23 you the Court Order to look at. And I intend to

6

1   do it. I can't make you answer it, of course.
2   And I don't want to waste all of our time today
3   if you don't want to answer any questions. But I
4   still haven't heard you answer it, so I want to
5   proceed. And you can --
6       A.  Well, I've got -- I'd feel more
7   comfortable if I had an attorney here to
8   represent me on this, because I don't know -- you
9   can say anything and I might not understand you
10  because I don't understand all of this.
11      Q.  Well, that's fine. Your date of birth
12  is 5/2/53; is that right?
13      A.  Yeah.
14      Q.  And your Social Security number is
15  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; is that right?
16      A.  Yes.
17      Q.  Do you know where you're going to be
18  living after -- if you're released from jail, do
19  you have an address or a residence?
20      A.  Not yet, no.
21      Q.  Okay. So you no longer live on
22  Washington Street in Samson?
23      A.  No.

7

1   Q.   All right. You mentioned -- and I'm not
2   trying to be difficult. This is not a criminal
3   proceeding.
4   A.   I understand that.
5   Q.   It's a civil lawsuit you started. Do
6   you understand that?
7   A.   Yes.
8   Q.   You can dismiss your lawsuit, but I'm
9   not going to wait around for you to hire a civil
10  attorney whenever I have a Court Order that
11  allows me to proceed the way we're proceeding
12  here today. Your rights are protected in your
13  criminal matter. You have your lawyer here in
14  your criminal matter. So I'm proceeding. Okay?
15  A.   I don't think it would be fair if you
16  proceed, because I won't understand everything
17  you say.
18  Q.   I don't really care what you think, I
19  just want to know if you're going to answer my
20  questions or not answer my questions?
21  A.   Not without an attorney present.
22  Q.   Okay. So can I be very clear on the
23  record, you're not going to answer any more

8

```
 1   questions that I ask in this matter, 05-CV-910-T?
 2        A.   Not without an attorney present.
 3        Q.   Well, you have your criminal attorney
 4   present, right?
 5        A.   He made it perfectly clear he's not
 6   representing me in this.
 7        Q.   I know that, and I wouldn't expect him
 8   to.
 9        A.   Uh-huh.
10        Q.   And just so we're very clear on the
11   record, you understand that this is not the
12   criminal proceeding that we're here on about
13   today? You understand that?
14        A.   Yes.
15        Q.   You understand we're here on a civil
16   lawsuit that you filed?
17        A.   Yes.
18        Q.   You understand that I have showed you
19   the order signed by the Federal Magistrate Judge
20   allowing me to take your statement?
21        A.   Yes, but I still don't understand it.
22        Q.   Yes, that's my -- the answer to my
23   question is yes, right?
```

9