IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

JOHN P. POLCASTRO-SR.
PLAINTIFF

VS.

GARY WEEKS, TRACY KERSEY,
SHAYNE ARNETTE, et Al,
DEFENDANTS

CASE NO:
1:05 CV 910 T

RECEIVED
2006 JAN -9 A 9:53
[clerk stamp]

## PLAINTIFF'S ANSWER TO DEFENDANTS WRITTEN REPORT

COME NOW JOHN P. POLCASTRO SR. PLAINTIFF PRO SE, ANSWERING THE DEFENDANTS WRITTEN REPORT

PLAINTIFF WILL ANSWER EACH ITEM THE DEFENDANTS SENT TO PLAINTIFF

## FACTS AND CIRCUMSTANCES LEADING TO THE LAWSUIT AGAINST SAMSON POLICE

ON AUGUST 1st, 2005, PLAINTIFF WAS IN HIS BACK YARD BURNING A LARGE PILE OF GARBAGE THAT WAS ORDERED BURNT BY THE OWNER JUDY TEDDALE. A FEW MINUTES LATER THE WIND STARTED TO BLOW, PLAINTIFF TOOK HIS GARDEN HOSE AND PUT OUT THE FIRE. PLAINTIFF THEN WENT TO THE OTHER SIDE OF HIS TRAILER AND STARTED TO CUT HIS GRASS. ABOUT A HALF HOUR LATER PLAINTIFF WENT INTO HIS HOUSE TO TAKE A BREAK. ABOUT A HALF HOUR LATER A SAMSON POLICE OFFICER CAME TO PLAINTIFF'S

2

trailer to ask him some questions. He asked Plaintiff if he started a fire at the trailer at 403 W. Washington St. Plaintiff said he didn't. Plaintiff then explained to the officer that many times while burning garbage for Judy Tisdale the wind blew the fire close to his trailer and the trailer next to his.

At this time the police officer said to Plaintiff that he was under arrest for public intoxication. The Plaintiff tryed to ask the officer how he was being arrested for public intoxication when he wasn't on a public road, or in a public place. Plaintiff was arrested in his trailer.

At no time did the Plaintiff make any derogatory statements to the Samson police officer.

Plaintiff was told he had to sit in the police car and wait for another police officer to take him to the county jail. When Officer Hersey walked over and spoke to Officer Annrette. A few minutes later Officer Hersey walk over to the car. He opened the door and grabed the plaintiff by his feet and draged him out of the car. At this time Plaintiffs head hit the bottom of the door frame and cut open the back of Plaintiffs head. Three officers put Plaintiff in the back of Officer Herseys car. At this time by an Plaintiff in the Southern word stick. Plaintiff lucked out and hit the window in his police car. At no time Plaintiff was

3

only trying to protect his self from the assault. A few minutes later Deputy Ray Mock came to Plaintiffs trailer. Plaintiff was then draged out of officer Hersey's car and put in Deputy Mocks car. Plaintiff heard officer Hersey say to the other officers take him to the Bridge. Plaintiff had no idea what they were talking about.

A few minutes later Plaintiff was draged out of the car near an old bridge. At this time several officers started to beat Plaintiff till he was knocked out.

The Samson Police Officers at all times had direct interaction with Plaintiff at iron bridge.

Plaintiff swears at this time he is from New York State. He only lived in the state of Alabama for 4 months. He knew nothing of the Iron Bridge till the inmates at the Jail explained where he was taken that night.

Samson Police Chief Gary Weeks was not at the scene that night. But he is in charge of his Police Officers.

Prison Officals can not Testefie this complaint.

This claim is completely with myrit. The Plaintiff states at this time that he does not know what Police officer took him to the county jail because he was knocked out all the way to the Jail.

Judicial economy can not be served because both cases are different. Defendants will see the differences once Plaintiff

4

ANSWERS the Sheriff's Answer to Plaintiffs Complaint. Plaintiff did not commit perjury at any time. He did not file a suit at any time.

Plaintiff states there were three officers in his house that night. His wallet was on his kitchen table. When he woke up in the County Jail, his wallet was on the jail desk. How did it get there? Plaintiff asked Deputy Price to give Plaintiff a receipt for the money in his wallet. He said there was none. And he didn't know how the wallet got to the jail.

PLAINTIFF states that all statements received by the arresting officers were all about the same. Plaintiff feels the officers told these people what to say. Notice statements dates. Almost 2 months after arrest. Why weren't statements taken right after arrest. It is well known on Washington St. that Plaintiff did not get along with witness Donna Harrison. Reasons will come out at trial. It is also well known that officers husbands police car was seen parked behind Donna Harrison house many times. Plaintiff feels this is a bought witness. Other facts will come out at trial.

PLAINTIFFS ANSWER TO Defendants Defenses

① Plaintiff does not understand No ① without the help of law books

② The Plaintiffs claim does allege violation of clearly established law.

③ Plaintiff does not understand No 3 to 6 without the help of law books

⑦ The Defendants at no time acted in self defense. The Plaintiff is the one acting in SELF DEFENSE

⑧ Plaintiff does not understand No 8 to 22 without help from the law books.

㉓ Plaintiff does not understand Nos 23 to 30 without the help of the law books

㉛ The Plaintiff states that his claim is not groundless, frivolous, unreasonable. The claim is with foundation. The Plaintiff did not bring this claim in bad faith

㉜ The Defendants lawyers insult the Plaintiff when they state his claim does not deserve punitive damages

㉝ The Plaintiffs claim does not violate the fourth, fifth, sixth, eighth and fourteenth Amendments of the Constitution of the United States. for Mental Suffering.

㉞ Plaintiff does not understand No 34 without the help of

6

The law books

35) Plaintiffs claim is not barred by his own misconduct.

36) The suit is not just against the City of Samson, its also against its officers.

37) How was the plaintiff to contact the City of Samson of the assault, when it happened upon his arrest

38) The Defendants cannot plea the affirmative defense of the plaintiffs lack of good faith

39) The Plaintiff has at all times stated a claim which relief can be granted

40) The Plaintiffs complaint is not vague and confusing. The Defendants seemed confused.

41) The Plaintiff at all times has stated a claim for which relief can be granted

42) The Plaintiff clearly stated of record why he did not answer the Defendants lawyers questions

43) The Plaintiff has not received anything from the court stating his claim is going to be dismissed. The Plaintiff did not make false statements under oath—

7

(45) Plaintiff does not understand no 45 without the help of the law books.

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day mailed a copy of the foregoing postage prepaid and properly addressed to —

COBB SHEALY CRUM & DERRICK PA.
P.O. BOX 6346   206 N. LENA ST
Dothan AL 36302

John P. Pokastro SR
Plaintiff Pro Se

/s/ John P. Pokastro

This the 10th day of January 2006

John P. Pokastro SR
P.O. Box 15
Geneva AL 36340